U.S. Bankruptcy Court
District of Idaho
Filed: September 2, 2004
At: 11:00 a.m.
By: Sylvia Wirth

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| In Re: | |
|---|---|
| JASON T. MARTIN, | **Bankruptcy Case No. 04-40572** |
| Debtor. | |

### MEMORANDUM OF DECISION

**Appearances:**

    Scott H. Hansen, BLASER, SORENSEN & HANSEN, Blackfoot, Idaho, Attorney for Debtor.

    Jared M. Harris, BAKER & HARRIS, Blackfoot, Idaho, Attorney for Creditor Christina McCutcheon.

    R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

MEMORANDUM OF DECISION - 1

AO 72A
(Rev. 8/82)

17

## Background

Creditor Christina McCutcheon ("Creditor"), Chapter 7 Debtor Jason Martin's former spouse, seeks a determination that her attempts to enforce a judgment entered in a divorce action are not subject to the automatic stay because the judgment debt represents a support obligation. After considering the record, including the testimony and evidence at the August 12, 2004, hearing, the Court concludes that Creditor's attempts to collect the judgment debt are not subject to the automatic stay. What follows are the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

## Facts

Debtor and Creditor were married for eight years and had three children together. They were divorced under the terms of a Decree of Divorce entered by the state court on March 12, 2001 (the "Decree"). Ex. A. At the time of the parties' divorce, Debtor, who was serving in the United States Navy, was stationed in California, while Creditor continued to live in Idaho with the children. Under the terms of the Decree, while both parties were to share custody of the children, the parties agreed that the children would live with Creditor in Idaho and that Debtor would have reasonable visitation with them. The Decree dictated that

MEMORANDUM OF DECISION - 2

AO 72A
(Rev. 8/82)

the travel costs for the visitation were to be split between the parties, with Debtor responsible for 77% of the expenses and Creditor responsible for the remaining 23%. Ex. A at 3.

To care for the children, the Decree ordered Debtor to pay child support in the amount of $671 per month. Ex. A at 5. He was also responsible for a pro rata share of the children's medical, dental, and child care expenses. As with the transportation costs, the court ordered Debtor to pay 77% of these costs while the children remained minors. Ex. A at 5.

The Decree also addressed the parties' attorney fees and costs, with each of the parties to be responsible for payment of their own attorney's fees incurred in the divorce proceedings. Ex. A at 9. However, the Decree provided that if one of the parties later breached the agreement upon which the Decree was based, the breaching party would pay all fees and costs incident to the breach that the other party incurred in enforcing it. Ex. A at 10.

Debtor completed his service in the Navy and returned to Idaho in 2003 to pursue a degree at Idaho State University. He is currently working full-time, and is enrolled in school. Since the fall of 2001, Creditor and the children have resided in Florida. Neither party sought a change in the terms of the Decree

MEMORANDUM OF DECISION - 3

AO 72A
(Rev. 8/82)

until the fall of 2003, when Debtor filed a motion to reduce his child support obligation and the parties each filed motions asking for reimbursement from the other of various expenses. Ex. B. The state court conducted a hearing on December 14, 2003, and as a result, it reduced Debtor's child support obligation to $400 per month. It also entered a money judgment against Debtor in Creditor's favor for $3,332.17. Exs. B, C.

The judgment debt was comprised of three distinct types of monetary awards. First, the parties agreed Debtor owed Creditor $640.15. Ex. B. Debtor testified this amount was to reimburse Creditor for costs associated with the children's medical and dental expenses. The second component of the award was $2,522.10 in transportation costs incurred in connection with visitation by the children. The court split this amount according to the terms of the Decree, ordering Debtor to pay 77%, or $1,942.02. Finally, the court ordered Debtor to reimburse Creditor $750 for her attorney fees and costs, even though it believed Creditor's attorney fees were "likely much higher." Ex. B at 2. The court did so because it found that the "father's actions, and non-actions, have been the source of much conflict between the parties." Ex. B at 2.

Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code

MEMORANDUM OF DECISION - 4

on March 23, 2004. Docket No. 1. Creditor wants to collect the judgment from Debtor; she filed a motion for stay relief on June 18, 2004. Docket No. 7.[1] Debtor objected to the motion. Docket No. 13. At the hearing on Creditor's motion, Debtor acknowledged that the $640.15 he owes Creditor for the children's medical expenses is a support debt, and that Creditor is not prevented from collecting that debt by the automatic stay. *See* 11 U.S.C. § 362(b)(2)(B). He offered to pay that amount to Creditor immediately, and the Court ordered him to do so. The parties contest whether the $1,942.02 awarded in the judgment for the children's transportation costs and the $750 awarded to reimburse Creditor for her attorney fees are in the nature of support.

### Disposition

The automatic stay that arises upon the filing of a bankruptcy petition to prevent debt collection by creditors "does not operate as a stay . . . of the collection of alimony, maintenance, or support from property that is not

---

[1] Creditor has also, in an abundance of caution, filed an adversary proceeding against Debtor, arguing that the judgment debt is excepted from discharge by Debtor under 11 U.S.C. § 523(a)(5). Adv. Proceeding No. 04-6139. Section 523(a)(5) excepts from discharge debts to a "spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . . ." Resolution of the issues raised by Creditor's motion will likely also resolve the similar issues posed in the adversary proceeding.

MEMORANDUM OF DECISION - 5

AO 72A
(Rev. 8/82)

property of the estate . . . ." 11 U.S.C. § 362(b)(2)(B). This exception to the automatic stay reflects a congressional policy to except the enforcement of child support obligations from the effect of the bankruptcy stay. *In re Cora*, 96.1 I.B.C.R. 25, 27 n.6 (Bankr. D. Idaho 1996). The bankruptcy estate does not include an individual Chapter 7 debtor's postpetition earnings. *In re Burton*, 85 I.B.C.R. 282, 282 (Bankr. D. Idaho 1985). Provided the judgment debt represents a support debt, Creditor may collect that debt from Debtor's postpetition wages under § 362(b)(2)(B).

Whether an obligation is alimony, maintenance, or support is a question of federal law. *Norris v. Norris (In re Norris)*, 94 I.B.C.R. 233, 234 (Bankr. D. Idaho 1994) (citing *Shaver v. Shaver*, 736 F.2d 1314, 1315-1316 (9th Cir. 1984)). In *Shaver*, the Ninth Circuit Court of Appeals set forth a list of factors the Court must consider when determining whether an award is in the nature of support:

> In determining whether an obligation is intended for support of a former spouse, the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. . . . The courts that have considered this issue have used several factors to aid in the characterization of the debt. If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called 'property

MEMORANDUM OF DECISION - 6

settlement' is intended for support when the circumstances of the case indicate that the recipient spouse needs support. . . . Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties. . . . Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support. . . . The court will look also to nature [sic] and duration of the obligation to determine whether it is intended as support. Support payments tend to mirror the recipient spouse's need for support.

*Shaver*, 736 F.2d at 1316-17 (internal citations omitted).

Here, the transportation costs the state court ordered Debtor to pay Creditor are clearly in the nature of support. The Decree provides that Debtor is required to pay the same pro rata share of the transportation costs for the children as for the medical and day care costs. The transportation costs are necessary so that the children can visit their father. Because these costs are directly related to the care and well-being of the children, they are part of their support expenses.

Applying the *Shaver* analysis to determine whether the attorney fees awarded constitute support is somewhat more difficult. In making its decision, "the primary consideration [for the Court] is whether the award of fees was based upon financial need." *Norris*, 94 I.B.C.R. at 235 (citing *Johns v. Tyson*, 518 F.2d 678, 681 (9th Cir. 1975)). When an attorney fee award is rendered in a contested

MEMORANDUM OF DECISION - 7

proceeding, another relevant fact is the intent of the state court. *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 682 (B.A.P. 9th Cir. 1994) (citing *Shaver*, 736 F.2d at 1316); *Hainline v. Neal (In re Neal)*, 179 B.R. 234, 240 (Bankr. D. Idaho 1995). The Court may look to state law in determining whether the state court intended to base the award on need. *Gionis*, 170 B.R. at 682; *Kimball v. Kimball (In re Kimball)*, 253 B.R. 920, 923-34 (Bankr. D. Idaho 2000). The Court should look to the state court's findings relating to the judgment as well as to the language in the decree. *Kimball*, 253 B.R. at 923.

In post-divorce proceedings, an Idaho court may, under Idaho Code § 32-704, make an award of costs and attorney fees. Idaho Code § 32-704(3); *Josephson v. Josephson*, 772 P.2d 1236, 1245 (Idaho 1989), *overruled on other grounds by Bell v. Bell*, 835 P.2d 1331, 1338 (Idaho 1992). The state court is required to consider the "financial resources of both parties and the factors set forth in section 32-705, Idaho Code." Idaho Code § 32-704(3); *Kimball*, 253 B.R. at 923-24. Idaho Code § 32-705 instructs that:

> 1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
> (a) Lacks sufficient property to provide for his or her reasonable needs; and
> (b) Is unable to support himself or herself through

MEMORANDUM OF DECISION - 8

AO 72A
(Rev. 8/82)

> employment.
> 2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:
> (a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
> (b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
> (c) The duration of the marriage;
> (d) The age and the physical and emotional condition of the spouse seeking maintenance;
> (e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;
> (f) The tax consequences to each spouse;
> (g) The fault of either party.

Idaho Code § 32-705.

Although the Decree states that in any proceeding to enforce its terms the court will award the prevailing party all costs and fees, the state court obviously did not feel bound by this provision. While Debtor successfully lowered his monthly child support obligation, the court determined that all of the transportation expenses claimed by both parties were legitimate. Debtor owed Creditor a balance because the terms of the Decree required him to be responsible for a disproportionate share of those expenses. Thus, while Debtor may have

MEMORANDUM OF DECISION - 9

AO 72A
(Rev. 8/82)

prevailed on the issue of child support, it is unclear from the judgment whether either party really "prevailed" regarding the dispute over the children's transportation costs.[2]

While the state court did not cite Idaho Code § 32-704, it did consider the factors specified in that statute in its decision. The state court discussed the relative financial resources of both Debtor and Creditor, finding that Debtor had the ability to earn more than Creditor while Creditor had the responsibility of caring for the children 80% of the time. Debtor also enjoyed a larger tax credit, as he was able to claim three children (one from another marriage) for tax purposes while Creditor could only claim one. Even though these factors were discussed in the paragraph concerning child support, the award of attorney fees was discussed and made in the same decision. *See Kimball*, 253 B.R. at 924 (finding that the state court considered factors identical to Idaho Code § 32-705 even though the court did not specifically mention the statute, and it discussed fees in relation to an award of support).

---

[2] The same holds true with respect to the other $640.15 Debtor was ordered to pay. The parties agreed, in that portion of the award, that Debtor owed Creditor $1,973.97 and that Creditor owed Debtor $1,333.82 for reimbursement of medical and child care expenses. The state court simply offset those amounts to come up with the $640.15 awarded in favor of Creditor.

MEMORANDUM OF DECISION - 10

AO 72A
(Rev. 8/82)

The court also considered Debtor's fault, one of the components of Idaho Code § 32-705. *See Gionis*, 170 B.R. at 681-83 (finding that the lower court's decision to award fees premised upon an imbalance in the relative income of the parties and the father's conduct during litigation was in the nature of support, and was not imposed as a sanction for the father's conduct). Finally, the award was based upon a legal proceeding to enforce the support obligations in the parties' Decree. *See id.* at 683 n.11 ("As the [fee] award was based upon custody battles in which an important issue is ordinarily the welfare of the child, it would not be difficult to characterize it as child support."); *In re Clements*, 86 I.B.C.R. 313, 313 (Bankr. D. Idaho 1986) (holding that attorney fees awarded in an action against a debtor for his failure to pay child support and other related expenses were a nondischargeable support obligation).

All things considered, the Court concludes, under a *Shaver* analysis, that the state court awarded attorney fees to Creditor, at least in part, because of the relative resources and needs of the parties. As such, the award was in the nature of support.

### Conclusion

The Court concludes that the transportation costs and attorney fees

MEMORANDUM OF DECISION - 11

AO 72A
(Rev. 8/82)

awarded by the state court in its judgment enforcing the terms of the parties' divorce decree are in the nature of support. Under 11 U.S.C. § 362(b)(2)(B), the automatic stay does not apply to prevent Creditor from garnishing Debtor's wages to collect these amounts. Creditor's motion will be granted by separate order.

DATED This 2nd day of September, 2004.

_____
JIM D. PAPPAS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 12

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

>Office of the U.S. Trustee
>jeff.g.howe@usdoj.gov
>gary.mcclendon@usdoj.gov
>
>Jared M. Harris, Esq.
>bakerharris@cableone.net
>
>R. Sam Hopkins
>sam_hopkins@if.rmci.net
>
>**Via Email**
>
>Scott H. Hansen, Esq.
>P. O. Box 1047
>Blackfoot, Idaho 83221
>
>**Via U.S. Mail**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov.

CASE NO.: 04-40572

DATED: 9/2/04

CAMERON S. BURKE, CLERK
U.S. BANKRUPTCY COURT

By Sylvia Wirth, Deputy Clerk

MEMORANDUM OF DECISION - 13

AO 72A
(Rev. 8/82)